**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re Salubrio, LLC<br>                    *Debtor*. | §<br>§<br>§<br>§<br>§<br>§ | Chapter 7<br><br>Case No. 5:20-bk-50578-rbk |
| Douglas Kevin Smith,<br>                    *Appellant*,<br>v.<br><br>Eric B. Terry, Chapter 7 Trustee<br>                    *Appellee*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 5:25-cv-824-XR |

**ORDER ON BANKRUPTCY APPEAL**

On this date, the Court considered *pro se* Appellant Dr. Douglas K. Smith's appeal from an order of the Bankruptcy Court on July 15, 2025, denying Dr. Smith's motion to, among other things, set aside multiple orders due to purported fraud upon the court. ECF No. 1-2 at 3–5. The Court has considered the record, applicable law, and the parties' Briefs (ECF Nos. 12, 14, 15). For the reasons stated below, the decision of the Bankruptcy Court is **AFFIRMED**

**BACKGROUND**

The debtor in the underlying bankruptcy, Salubrio, LLC, d/b/a Brio San Antonio MRI ("Salubrio"), was founded in 2013 by Appellant Douglas Kevin Smith, M.D. ("Dr. Smith"), a Texas-licensed physician and radiologist. *See In re Smith*, No. 21-CV-1135-XR, 2022 WL 16825195, at *1 (W.D. Tex. 2022), *aff'd*, 2023 WL 4992835 (5th Cir. Aug. 4, 2023). Salubrio provided radiology services, including diagnostic MRI examinations, to patients asserting personal injury claims against third parties. *Id.*

In March 2020, Salubrio filed its voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code. *In re Salubrio, LLC*, 667 F. Supp. 3d 390, 393 (W.D. Tex. 2023), *aff'd sub nom. Matter of Salubrio, L.L.C.*, No. 23-50288, 2024 WL 1795773 (5th Cir. Apr. 25, 2024).

In June 2020, "the Bankruptcy Court found that cause existed [to remove Salubrio as debtor-in-possession] due to 'either fraud, dishonesty, incompetence or gross management,' and 'intentional and repeated' diversion of collateral." *Id.* In September 2020, Salubrio's bankruptcy was converted to a case administered under Chapter 7, and the Trustee was appointed as the Chapter 7 Trustee.

## I.    The Gatekeeping Order

Six months after Salubrio filed its Chapter 11 petition, Dr. Smith initiated an Adversary Proceeding against the Trustee and his attorneys, Salubrio, and various creditors, including MedLegal Solutions, Inc. ("MedLegal"), Pioneer Bank, and BooToo, Ltd., seeking to recover money on behalf of the estate on a fraudulent transfer theory. *See* Adv. Proc. No. 20-05067-rbk. The Bankruptcy Court found that the Adversary Proceeding violated the automatic stay "by seeking to appropriate or enforce rights which are owned by the Trustee as the representative of the bankruptcy estate." *In re Salubrio*, 667 F. Supp. 3d at 394. The Bankruptcy Court also imposed a "Gatekeeping Order," requiring Dr. Smith to file a motion for leave and have an order for leave granted before he could file any motion seeking relief against the Trustee, Trustee's attorneys, Trustee's professionals, the estate, and others involved in the bankruptcy case[.]" *Id.*

## II.    Challenges to the Gatekeeping Order

Dr. Smith has repeatedly sought relief from the Gatekeeping Order, directly and indirectly.

First, in December 2020, Dr. Smith first appealed the Gatekeeping Order to the District Court and the Fifth Circuit, which both affirmed the Order as an appropriate exercise of the Bankruptcy Court's inherent power to interpret and enforce its orders. *See id.* at 399–400, *aff'd*, 2024 WL 1795773, *2 (concluding that the Gatekeeping Order was warranted "[c]onsidering that Dr. Smith continues to file procedurally improper and frivolous filings").

Next, in December 2021, Dr. Smith filed a "Motion Requesting Relief from Judgement Pursuant to FRBP 9024" (the "First Motion for Relief"), asking the Bankruptcy Court to vacate the Gatekeeping Order on "procedural grounds." Dr. Smith also asked the Court and other entities under his control "to pursue their property rights in accordance with Texas property laws," based on a purported "Salubrio Trust" that Dr. Smith claims he orally created. *See* ECF No. 4-2 at 344–56.[1] After a hearing, the Bankruptcy Court denied the motion.

On appeal to the District Court, Judge Biery noted that "even if the Bankruptcy Court had been inclined to grant the Motion for Relief from Judgment, it did not have the power to do so" because the Gatekeeping Order was still the subject of an appeal before the Fifth Circuit at the time. *See Smith v. Terry*, No. 5:21-CV-01268-FB, ECF No. 22 at 3 (W.D. Tex. May 25, 2022). Judge Biery held that the First Motion for Relief otherwise failed because it did not set forth any of the limited grounds for relief set forth in Rule 60 of the Federal Rules of Civil Procedure, and "[a] Rule 60 motion is not a vehicle for an unsuccessful litigant to reargue his case. *Id.* at 4.

Finally, in December 2024, Dr. Smith filed a "Motion Seeking Relief from the Court's Gatekeeping Order to Permit Unlimited Defense in Bexar County District Court Lawsuit" (the

---

[1] Dr. Smith has repeatedly insisted that he retained an equitable interest in the accounts receivable through a "Trust" held by Salubrio for his benefit. But Salubrio's schedule of assets—signed by Dr. Smith as President under penalty of perjury and filed in Salubrio's bankruptcy case—listed the accounts receivable of Salubrio as the property of *Salubrio*, and Dr. Smith did not file a proof of claim against Salubrio. Dr. Smith's "Salubrio Trust" theory has been soundly rejected by every court to consider it. *See, e.g.*, *In re Salubrio, LLC*, No. BR 20-50578-RBK, 2022 WL 3142366, at *2 (W.D. Tex. Aug. 5, 2022) (dismissing appeal for lack of bankruptcy standing), *appeal dismissed sub nom. Matter of Salubrio, L.L.C.*, No. 22-50764, 2023 WL 3903989 (5th Cir. Mar. 8, 2023*), cert. denied sub nom. Smith v. Terry*, 144 S. Ct. 95 (2023); *In re Smith*, 2022 WL 16825195, at *4 (affirming dismissal of adversary proceeding based on lack of standing).

He presented the "Salubrio Trust" issue squarely in an adversary proceeding he initiated against Salubrio under his personal bankruptcy case. His complaint alleged claims against Salubrio, seeking to recover over $11 million in accounts receivable from the estate. The Bankruptcy Court dismissed Dr. Smith's complaint on multiple bases, including the absence of a proof of claim, lack of standing, and judicial estoppel. *See In re Smith*, No. 21-BK-50519-RBK; Adv. Pro. No. 21-5084-rbk, ECF No. 25, Hr'g Tr. at 16:22–18; *id.*, ECF No. 16 at 1. The Bankruptcy Court concluded that the accounts receivable belonged to the estate and that Dr. Smith was judicially estopped from arguing otherwise, having sworn under oath in Salubrio's schedules that he did not own the accounts receivable and was not a creditor of the estate. *Id.*, ECF No. 25, Hr'g Tr. at 16:22–18; *id.*, ECF No. 16 at 1; *In re Smith*, 2022 WL 16825195, at *4 (affirming dismissal of adversary proceeding based on lack of standing).

"Second Motion for Relief."). This motion appears to have arisen from Dr. Smith's effort to depose the Trustee's Certified Public Accountant (Gretchen Kinnear) in a foreclosure case pending against him in Bexar County, Texas (the "State Court Action"), which was rebuffed by Kinnear's counsel. *See* No. 5:20-bk-50578-rbk, ECF No. 1007.

In the Second Motion for Relief, Dr. Smith alleged that the Bankruptcy Court improperly interfered with his right to discovery in the State Court litigation and exceeded its jurisdiction by allowing the Trustee to abandon certain estate property, resulting in a purportedly unlawful seizure of records from Salubrio's office.[2] *See id.* at 2–3, 5. He also accused various parties involved in Salubrio's bankruptcy case of criminal acts, including violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* at 4–7. Dr. Smith sought: (1) an acknowledgment that the Gatekeeping Order is inapplicable to nonbankruptcy estate property ("NEP"); (2) relief from the Gatekeeping Order for Dr. Smith to pursue an "unlimited Defense" in the State Court Action; and (3) timely reporting of allegations of RICO and "intentional Fraud-on-the-Court involving Officers of the Court as required under 18 U.S.C. § 3057." *Id.* at 7. After a hearing, the Bankruptcy Court denied the Second Motion for Relief on January 23, 2025. *See* No. 5:20-bk-50578-rbk, ECF No. 1042.

The Order denying the Second Motion for Relief is the subject an appeal before Judge Garcia, filed in January 2025. *See Smith v. Terry*, 5:25-cv-00101-OLG (W.D. Tex.).

## III.    Dr. Smith's June 2025 "Party-Aggrieved Motion"

In June 2025, Dr. Smith filed the motion at issue in this appeal: "Party-Aggrieved Motion Seeking: (i) Rule 60(d)(3) Relief Based on Judicially Facilitated Fraud-on-the-Court Perpetrated

---

[2] Dr. Smith appealed that order to the District Court (which affirmed the Bankruptcy Court), then to the Fifth Circuit, and then to the Supreme Court of the United States. *See In re Salubrio*, 2022 WL 3142366, at *2 (dismissing appeal for lack of bankruptcy standing), *appeal dismissed sub nom. Matter of Salubrio*, 2023 WL 3903989 (5th Cir. Mar. 8, 2023), *cert. denied sub nom. Smith v. Terry*, 144 S. Ct. 95 (2023).

4

by Officers of the Court; (ii) Prejudicial Noncompliance with 18 U.S.C. § 3057 and 28 U.S. Code § 455; and (iii) Jury Trial Demand Before an Impartial and Undefiled Court of Competent Jurisdiction." ECF No. 4-2 at 736–65 ("Party-Aggrieved Motion" or the "Motion").

The Party-Aggrieved Motion again sought to set aside the Gatekeeping Order pursuant to Federal Rule of Civil Procedure 60(d)(3) for fraud on the court. In addition to the Gatekeeping Order, Dr. Smith sought relief under Rule 60(d)(3) "from ALL U.S. Court Orders and Judgements [sic] rendered by judicially self-defiled Article I and Article III Courts of Appeal." *Id.* at 736. Dr. Smith alleged, once again, that various people have engaged in a coordinated scheme of fraud on the court, violations of RICO, and various other wrongful acts. *Id*. Challenges to various rulings premised on these purportedly "wrongful acts" have already been considered—and rejected—by the bankruptcy court, the district court, and the Fifth Circuit.[3] In addition, Dr. Smith launched attacks on unidentified "U.S. Judges" for alleged conflicts of interest and seeks "voluntary of [sic] self-recusal of ALL U.S. Judges that produced an actual disqualifying conflict of interest by failing to comply with the requirements of 18 U.S. Code § 3057 for the past 5 years." *Id*. at 765–67.

On July 1, 2025, the Bankruptcy Judge held a hearing on the Motion. *See* ECF No. 3-2 at 2822–99, 2837–38, 2860–61, 2874. Dr. Smith did not present any witnesses in support of his motion and, while he offered 163 exhibits, none of them were admitted into evidence because he

---

[3] *See Matter of Smith*, No. 24-50494, 2025 WL 985934 (5th Cir. Apr. 2, 2025) (citations omitted) ("Smith's argument boils down to the naked claim that MedLegal's attorneys fabricated evidence in the adversary proceeding and the bankruptcy court willfully ignored this. . . . Smith has given this Court no evidence of any fraud-on-the-court or forged signatures."); *see id.* ("Smith's final challenge equates to a generalized claim that the bankruptcy court's judgment is unconstitutional. Smith argues that MedLegal's state law tort claims are "non-core" matters. . . . . The resolution of MedLegal's state law claims was necessary to adjudicating MedLegal's proof of claim. Thus, the bankruptcy court did not violate its constitutional constraints by granting default judgment for MedLegal."); *In re Smith*, No. 22-CV-790-XR, 2023 WL 3867211, at *5 (W.D. Tex. June 7, 2023) (concluding that the Bankruptcy Court's order striking certain exhibits proffered by Dr. Smith in 2022 was "a proper exercise of discretion" and noting that Dr. Smith had failed to respond to the motion to strike before the Bankruptcy Court or explain his failure to do so on appeal); *In re Salubrio*, 2022 WL 3142366, at *2 (dismissing appeal of alleged unlawful seizure of records for lack of bankruptcy standing), *appeal dismissed,* 2023 WL 3903989.

had failed to provide timely, marked copies of the exhibits to each party in accordance with the local rules. *See id.* at 2873–74. After hearing from the parties, the Bankruptcy Judge concluded that "the relief [Dr. Smith] asks for, which is unusual under Rule 60(d)(3), . . . [is] all barred by res judicata, collateral estoppel, law of the case and the gatekeeping order." *Id.* at 2891. He noted that it was unclear from the Motion which orders from the previous five years of bankruptcy litigation Dr. Smith sought to set aside:

> [W]e've relitigated and relitigated and relitigated. And there's been over 20 appeals to the U.S. District Court. They've all either been affirmed or dismissed. Many of them have gone to the Fifth Circuit. They've all been either affirmed or dismissed by the Fifth Circuit.
>
> And so now Dr. Smith comes in and tries to set aside all these orders with a Rule 60(d)(3) motion. And we're not even sure what orders he's trying to set aside.

*Id.* at 2892.[4] After describing the procedural history of the case in painstaking detail, the Bankruptcy Judge denied Dr. Smith's motion to set aside the challenged rulings because "these things have been decided over and over." *See id.* at 2892–98. He added that Dr. Smith was not entitled to a jury trial under *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). *Id.* at 2896–97. Finally, he denied Dr. Smith's motion for disqualification. *Id.* at 2897–98.

After the hearing, the Bankruptcy Court denied the Party-Aggrieved Motion on July 15, 2025. *See* No. 5:20-bk-50578-rbk, ECF No. 1102. This appeal followed.

### ISSUES ON APPEAL

Dr. Smith's opening brief lists seven issues raised on appeal:

1. Whether the Trustee's threshold failure of burden of proving: 1) live "case" or "controversy"; and 2) Article III standing under *Transunion v. Ramirez*,

---

[4] *See also* ECF No. 3-2 at 2893 ("[I]t's unclear, again, what orders or which judgments are to be set aside, presumably, a number of them. We've had numerous contested matters and at least 12 adversary proceedings in this case. And 20 more than -- more than 20 appeals which have all been either affirmed or dismissed[.]").

594 U.S. 413 (2021) criteria regarding certain NEP render Bankruptcy Court's Order constitutionally moot.

2.  Whether Dr. Smith's express denial of consent for Article I Court's issuance of final orders regarding the NEP as matter of Texas law rendered any such Article I Court Order or Judgments constitutionally moot under *Stern v. Marshall*, 564 U.S. 462 (2011).

3.  Whether U.S. Courts unconstitutionally deprived Dr. Smith of the NEP and civil rights by extra jurisdictional actions by U.S. Judges with prejudicial disregard for and/or abetting violations of U.S. and Texas Penal Codes by Officers of the Court.

4.  Whether the Bankruptcy Court "prejudicially defiled" the judicial machinery of both Article I and Article III Courts of Appeal by 18 U.S.C. § 1519 – "concealment" or "striking" of Dr. Smith's incriminating evidence of fraud on the court by Officers of the Court from Dr. Smith's designated appellate record in the 36 appeals identified in ECF No. 8-1.

5.  Whether the Bankruptcy Court's May 6, 2021, *ex parte* hearing constitutes prima facie evidence of lack of judicial impartiality requiring 28 U.S.C. §°455(a) judicial recusal?

6.  Whether the Bankruptcy Court's denial of Dr. Smith's 7th Amendment demand for jury trial constituted prima facie evidence of 42 U.S.C. § 1983 denial of civil rights.

7.  Whether prejudicial 18 U.S.C. § 1519 "concealment" and 18 U.S.C. §°3057(a) noncompliance by U.S. Judges designated in exhibit 8-1-c are disqualified as "impartial Tribunals" as material witnesses and/or Defendants in 18 U.S.C. § 3057(b) required Grand Jury proceeding following completion of independent investigation.

ECF No. 12 at 11.

Dissatisfied with Dr. Smith's *pro se* Statement of Issues set out in his Brief, the Trustee has provided his own statement of the issues:

1.  Whether Dr. Smith met his burden of proof to present clear and convincing evidence to the Bankruptcy Court to prove his allegations of fraud on the court to be entitled to relief pursuant to Federal Rule of Civil Procedure 60(d)(3)?

7

2. Whether Dr. Smith provided this Court with an adequate record to determine whether the Bankruptcy Court erred by entering the Order.

ECF No. 14 at 9.

In reviewing Dr. Smith's statement of issues, the Court concludes that Trustee's simplified and concise statement of issues is more appropriately tailored for the Court's consideration.

## LEGAL STANDARDS

### I.    Appellate Standard of Review

"'Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion.'" *Rozelle v. Branscomb, P.C.*, No. 5:16-cv-01024 (RCL), 2017 WL3301511, at *2 (W.D. Tex. Jul. 31, 2017) (quoting *In re Mud King Prods., Inc.*, No. H-14-2316, 2015 WL 862319, at *2 (S.D. Tex. Feb. 27, 2015)). Such matters include evidentiary rulings and denial of a motion for relief from judgment. See *In re Repine*, 536 F.3d 512, 518 (5th Cir. 2008); *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004).[5] "An abuse of discretion occurs" when the bankruptcy court: (1) applies an improper legal standard, which is reviewed de novo; (2) "follows improper procedures"; or (3) "rests its decision on findings of fact that are clearly erroneous." *Lejeune ex rel. Est. of Caillouet v. JFK Cap. Holdings. LLC (In re JFK Cap. Holdings, LLC)*, 880 F.3d 747, 751 (5th Cir. 2018) (quoting *Barron & Newburger, PC v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 270 (5th Cir. 2015) (en banc)).

Moreover, this Court "may affirm for any reason supported by the record, even if not [explicitly] relied on by the [bankruptcy] court." *United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (citing *LLEH, Inc. v. Wichita County*, 289 F.3d 358, 364 (5th Cir. 2002)).

---

[5] Even if an appellant proves that a bankruptcy court abused its discretion by excluding evidence, such error is only reversible if the appellant also proves that its substantial rights were prejudiced by it. Fed. R. Civ. P. 61; Fed. R. Bankr. P. 9005; Fed. R. Evid. 103(a); *In re Pequeno*, 223 F. App'x 307, 308 (5th Cir. 2007) (per curiam); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 370 (5th Cir. 2000).

## II.    Federal Rule of Civil Procedure 60(d)(3) – Fraud on the Court

Federal Rule of Civil Procedure 60(d), applicable through Federal Rule of Bankruptcy Procedure 9024, "functions as a saving clause: it allows courts to 'set aside a judgment for fraud on the court' without a strict time bar." *Bowman v. Stephens*, No. 4:15-CV-573-O, 2015 WL 4635935, at *1 (N.D. Tex. Aug. 4, 2015); *see also Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337–38 (5th Cir. 1978) (motion alleging fraud on the court is "not subject to any time limitation"). Thus, the standard under Rule 60(d)(3) to prove "fraud on the court" is demanding and "more exacting" than the standard for proving fraud under Rule 60(b)(3). *Rozier*, 573 F.2d at 1337.

Proof of fraud on the court must be established by clear and convincing evidence, *Kinnear-Weed Corp. v. Humble Oil & Ref. Co.*, 441 F.2d 631, 636 (5th Cir. 1971) (collecting cases), of "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated," *Rozier*, 573 F.2d at 1337–38 (quotation omitted). Fraud on the court is a "narrow concept" and "should embrace only the species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner[.]" *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989). "[T]o set aside a judgment or order because of fraud upon the court . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Rozier*, 573 F.2d at 1338.

An action for fraud on the court may not be used as a basis to relitigate issues already decided. *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667–68 (5th Cir. 1981). Rather, to overcome the one-year limitations rule on Rule 60(b)(3) motions, the injustice to be remedied must be so severe as to overcome the purposes of res judicata. *See United States v. Beggerly*, 524 U.S. 38, 46 (1998).

9

**DISCUSSION**

**I.    The Bankruptcy Court lacked jurisdiction to grant much of the requested relief**

"It is a fundamental tenet of federal civil procedure that–subject to certain, defined exceptions–the filing of a notice of appeal from the [order] of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." *In re Transtexas Gas Corp.*, 303 F.3d 571, 578-79 (5th Cir. 2002) (citing *Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58 (1982)). "This rule applies with equal force to bankruptcy cases." *Id.* (citing *In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1289)). Once the notice of appeal has been filed, a bankruptcy court may consider or deny a Rule 60 motion, but it no longer has jurisdiction to grant such a motion while the appeal is pending. *See Shepherd*, 372 F.3d at 329 ("Without obtaining leave [from the district court], the [bankruptcy court] is without jurisdiction, and cannot grant [the Rule 60] motion.").

Here, many of the challenges and relief identified in the Party-Aggrieved Motion are identical to that requested in the Second Motion for Relief, which remains the subject of an appeal before Judge Garcia. Thus, even if the Bankruptcy Court had been inclined to grant the Party-Aggrieved Motion, it lacked jurisdiction to grant any relief sought by Dr. Smith in the Party-Aggrieved Motion that was also being challenged in the appeal before Judge Garcia.

**II.    The Bankruptcy Court did not abuse its discretion by denying the requested relief**

To the extent that Dr. Smith seeks any relief distinct from that already requested in his Second Motion for Relief, he must support his request with clear and convincing evidence of fraud on the court. *See Kinnear-Weed Corp.*, 441 F.2d at 636.

Dr. Smith's challenges are difficult to understand but appear to be premised on theories that have been repeatedly rejected by the Bankruptcy Court and by both the District Court and the

10

Fifth Circuit on appeal. *See, e.g.*, ECF No. 12 at 12–14, 23 (reasserting his "Salubrio Trust" theory, his theory that the MedLegal agreement was fraudulent, his theory that the Bankruptcy Court improperly struck various exhibits in 2022). But Dr. Smith cannot use Rule 60(d) to relitigate issues that are the subject of final orders on appeal by this Court and the Fifth Circuit. *See Addington*, 650 F.2d at 667–68. And his jurisdictional arguments, while difficult to understand, appear to be premised on those same unsuccessful theories and thus fail for the same reasons.[6]

Moreover, Dr. Smith has provided no evidence—much less clear and convincing evidence—to establish fraud on the court. Dr. Smith was warned repeatedly about the high evidentiary standard for proving fraud on the court:

> Quite frankly, Appellant has not supported his fraud-on-the-court challenge with any evidence within the appellate record. Instead, this challenge is based upon his "April 22, 2022 sworn affidavit [that] references irrefutable evidence of attorney fabrication of documents and false claims." This Court, however, struck that affidavit as outside the appellate record. . . .[E]vidence of fraud on the court, forgery, or fabrication is simply lacking. Conclusory and speculative assertions of fact simply do not carry the day.
>
> Appellant has presented no evidence of any fraud on the court or any forged signature. He has not carried his appellate burden to show any error regarding alleged fraud on the court, fabrication of evidence, or forged signature. He has not created an adequate appellate record to find any such fraud, fabrication, or forgery. And he has not shown how the alleged fraud impacts the appealed Contempt Order or final judgment. This Court previously rejected the argument that the alleged fraud affected the jurisdiction of the Bankruptcy Court. In short, Appellant's challenge based on fraud on the court provides no basis for this Court to find that the Bankruptcy Court erred in either issuing its Contempt Order or entering judgment against Dr. Smith.

*See In re Smith*, No. AP 21-05082-RBK, No. SA-22-CV-0086-JKP, 2024 WL 2228159, at *12 (W.D. Tex. May 16, 2024), *aff'd sub nom. Matter of Smith*, 2025 WL 985934 (citations omitted)

---

[6] *Cf. Matter of Salubrio, L.L.C.*, No. 24-50272, 2024 WL 4834238, at *1 (5th Cir. Nov. 20, 2024) ("Although his arguments are difficult to discern, Smith seems to assert jurisdictional issues that turn on whether the accounts belong to Smith or Salubrio. However, we have been down that road before. . . . Smith is judicially estopped from arguing that the accounts are his, so his jurisdictional arguments fail.").

11

("Smith's argument boils down to the naked claim that MedLegal's attorneys fabricated evidence in the adversary proceeding and the bankruptcy court willfully ignored this. . . . Smith has given this Court no evidence of any fraud-on-the-court or forged signatures.")

Here again, Dr. Smith has not supported his racketeering, fraud-on-the-court or constitutional challenges with any evidence in the appellate record. Indeed, most of the factual assertions contained in Appellant's initial brief are not supported by references to the record below as required by FED. R. APP. P. 28(a)(6).[7] Dr. Smith's unsubstantiated allegations and challenges provide no basis for this Court to find that the Bankruptcy Court erred by denying the Party-Aggrieved Motion. *See Matter of Salubrio, L.L.C.*, No. 24-50272, 2024 WL 4834238, at *1 (5th Cir. Nov. 20, 2024) ("[L]ike many of Smith's arguments, [the] argument [that the Trustee cannot assert judicial estoppel because he has unclean hands] is difficult to understand, and Smith does not cite the record or caselaw for support. We will not rely on bald assertions of wrongdoing unsupported by the record.").

Nor has Dr. Smith offered any reason to believe that the Bankruptcy Judge erred by denying his motion for disqualification other than his mere dissatisfaction with the Bankruptcy Judge's rulings. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[B]ecause it is in the nature of a

---

[7] The Court does not consider any facts unsupported by the record or outside the record on appeal. *See Holmberg v. Baxter Healthcare Corp.*, 901 F.2d 1387, 1392 n.4 (7th Cir. 1990) (striking portions of brief referring to facts outside the record); *Moore v. FDIC*, 993 F.2d 106, 107 (5th Cir. 1993) (dismissing appeal for failure to specify to the record); Fifth Circuit Local Rule 28.2.2 ("Every assertion in briefs regarding matter in the record shall be supported by a reference to the page number of the original record where the matter relied upon is to be found.").

This approach is not punitive; it is simply mandated by the nature of the Court's appellate posture. A district court cannot ascertain whether the bankruptcy court abused its discretion or made clearly erroneous factual findings without reference to the underlying record. After all, the question at hand is whether the bankruptcy court erred *in light of the evidence before it*. It is not the Court's responsibility to scour the record for evidence supporting Appellant's factual assertions: "[j]udges are not like pigs, hunting for truffles buried in the record." *United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (per curiam) (quoting *Albrechsten v. Bd. of Regents of Univ. of Wisc. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002)).

judge's job to rule, and any ruling must favor one side and disfavor the other, rulings during the course of a case generally are not regarded as evidence of bias." *United States v. El-Gabrowny*, 844 F. Supp. 955, 959 (S.D.N.Y. 1994).

In sum, based on a review of the briefing, and the arguments and authorities presented therein, and a review of the record on appeal, the Court finds, based in part on the arguments and authorities presented by the Trustee in his brief, that the Bankruptcy Court did not abuse its discretion by denying the Party-Aggrieved Motion.

## CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is **AFFIRMED**, and the appeal is **DISMISSED**. A final judgment will follow.

The Clerk is **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.

**SIGNED** this 20th day of January, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE